IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CARLOS RAPHAEL BATISTA,      :     CIVIL ACTION
              Plaintiff,    :
                          :
    v.                    :     NO. 09-3757
                          :
MICHAEL J. ASTRUE,         :
Commissioner of the Social Security   :
Administration,              :
              Defendant.   :

**OPINION**

**Slomsky, J.**                                                    **March 22, 2011**

## I.    INTRODUCTION

Before the Court is Defendant Commissioner of Social Security's objections to the

Magistrate Judge's Report and Recommendation (Doc. No. 14).  On August 20, 2009, Plaintiff

filed his Complaint (Doc. No. 3) alleging wrongful denial of Social Security Disability Benefits

and Supplemental Security Income ("SSI").  The case was referred to Magistrate Judge Henry S.

Perkin for a Report and Recommendation (Doc. No. 7).  On December 17, 2009, Plaintiff filed a

Motion for Summary Judgment And/Or a Motion to Remand and a Brief in Support of the

Remand and a Statement of Issues in Support of a Request for Review (Doc. No. 9).  On January

15, 2010 Defendant filed a Response to the Request for Review (Doc. No. 12).  On July 2, 2010,

Judge Perkin issued his Report and Recommendation, (Doc. No. 13), and on July 16, 2010,

Defendant filed objections (Doc. No. 14).  Plaintiff filed a Response in Opposition to

Defendant's Objections on August 31, 2010 (Doc. No. 17).

After an independent review of the record, and for the following reasons, the Report and

Recommendation of Magistrate Judge Perkin will be approved and adopted, the Commissioner's decision will be vacated, and the matter will be remanded to the Commissioner for further consideration.[1]

## II.    PROCEDURAL HISTORY

On May 23, 2005, Plaintiff Carlos Rafael Batista filed an application for Social Security Disability Benefits and Supplemental Security Income ("SSI").  Plaintiff alleged that his disability began on May 12, 2005,[2] stemming from a severe back and spinal injury.[3]  On June 28, 2005, the application was denied.  On August 2, 2007, the Administrative Law Judge ("ALJ") held a hearing.  During the hearing, Plaintiff was represented by counsel and testified through an interpreter.  A Vocational Expert ("VE") also testified.

On August 28, 2007, the ALJ concluded that Plaintiff was not disabled. The ALJ found that Plaintiff's claims of pain were "an exaggeration of subjective complaints of pain, which are not supported by objective clinical evidence."  (Administrative Record, 37 (hereinafter "R.")).  The ALJ also determined that Plaintiff possessed residual functional capacity to perform medium

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[2] In his application, Plaintiff alleged that his disability began on April 6, 2000, but at the hearing before the ALJ, the alleged onset date was amended to May 12, 2005.  Plaintiff originally applied for SSI in 2000 and 2001, but was denied benefits.  He did not reapply again until 2005, after he became a United States citizen.

[3] In his application, Plaintiff's work experience is stated to be two months work as a bricklayer helper in March and April of 2000. (R. 87.)  Plaintiff later testified that he subsequently drove cars at an auto auction and worked at a mattress store/warehouse for a few days. (R. 583-84.)

work[4] based on "the objective findings, and the claimant's activities of daily living."  (R. 35-38.)

On August 20, 2009, Plaintiff commenced the action in this Court after the Appeals Council

denied Plaintiff's request for review.  (R. 6-9.)

## III.    LEGAL STANDARD

The issue before the Court is whether the record shows substantial evidence to support

the Commissioner's[5] final decision that the Plaintiff is not disabled.  42 U.S.C. §§ 405(g),

1383(c)(3).  Substantial evidence is defined as "more than a mere scintilla . . . [and includes]

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Cherry v. Barnhart, 29 Fed. App'x 898, 901 (3d Cir. 2002) (quoting Richardson v. Perales, 402

U.S. 389, 407 (1971)).  "The findings of the Commissioner of Social Security as to any fact, if

supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).

When the ALJ renders his decision on behalf of the Commissioner, he must set out a

specific factual basis for each finding.  Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974),

---

[4] Medium work means that an individual can:
    (1) lift and/or carry 50 pounds occasionally,
    (2) lift and/or carry 25 pounds frequently,
    (3) stand and/or walk (with normal breaks) for 6 hours in an 8 hour work
    day,
    (4) sit (with normal breaks) for 6 hours in an 8 hour work day, and
    (5) has had no push/pull limitations other than as shown for lift and/or
    carry.
(R. 35.)

[5] 42 U.S.C. § 405, which governs the procedure for reviewing Social Security Benefit applications, states that the Commissioner is "directed to make findings of facts and decisions" as to eligibility for benefits. Pursuant to § 405(b)(1), if an applicant wishes to contest a decision of the Commissioner, the Commissioner must offer the applicant a hearing.  An ALJ conducts the hearing, after which he issues a decision which affirms, modifies, or reverses the decision of the Commissioner.  Therefore, for purposes of this Opinion, the terms ALJ and Commissioner will be used interchangeably.

cert. denied, 420 U.S. 931 (1975).  The ALJ "must consider all the evidence and give some reason for discounting the evidence [the ALJ] rejects." Ray v. Astrue, 649 F. Supp. 2d 391, 402 (E.D. Pa. 2009) (quoting Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994)).  Although the ALJ does not have to make reference to *every* relevant medical note in a voluminous medical record, the court "expect[s] the ALJ, as the fact finder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law." Reefer v. Barnhart, 326 F.3d 376, 381-82 (3d Cir. 2003).  Simply referring to the "record as a whole" is insufficient.  Abshire v. Bowen, 662 F. Supp. 8 (E.D. Pa. 1986).  See Carter v. Apfel, 220 F. Supp. 2d 393, 397 (M.D. Pa. 2000).

A claimant proves he has a "disability" when he demonstrates a medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity ("SGA") for a statutory 12-month period.  42 U.S.C. § 412(d)(1).  In order to determine if a claimant possesses an impairment that prevents him from engaging in any substantial gainful activity, the Commissioner uses a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled
>
> (iv) At the fourth step, we consider our assessment of your residual

-4-

functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4)(i)-(v).

## IV.    FACTS

Plaintiff, a forty-two year-old male, born in the Dominican Republic, applied for Social Security Benefits based on "severe back and spinal injury." (R. 87.) Plaintiff explained that he has "constant back aches" and that "[his] knees hurt after standing to[o] long and any lifting. I also have neck pain."[6] (Id.) At the ALJ hearing, Plaintiff testified that he cannot sit, stand or lie down for too long because of pain. (R. 584-85.) Plaintiff testified that he has the least amount of pain when he sits leaning forward. (R. 586.) He also testified that he is able to walk one block before his back gives out. (Id.) Plaintiff claims that the pain is on the left lower side of his back, and that the pain runs into both legs. (R. 590.) As part of her review, the ALJ found that Plaintiff's claims of pain were exaggerated and not supported by objective medical evidence. (R. 37-38.)

After consideration of the evidence, the ALJ found Plaintiff capable of performing work at a medium level of exertion, but with "no more than occasional bending, stooping, crawling, climbing, crouching, and balancing," and "with no repetitive movements" of the feet. (R. 35.)

---

[6] The ALJ recognized that Plaintiff suffered from depression and anxiety, but that these impairments were not disabling. (R. 33.)

(Id.)  Therefore, the ALJ found that Plaintiff was not disabled under 42 U.S.C. § 1614(a)(3)(A).[7]

(R. 40.)

## V.     DISCUSSION

### A. __Background__

In this case, the issue in dispute is whether the Commissioner's final decision that

Plaintiff is not disabled is supported by substantial evidence.  The Third Circuit has stated that;

> [u]nless the [Commissioner] has analyzed all evidence and has sufficiently
> explained the weight he has given to obviously probative exhibits, to say
> that his decision is supported by substantial evidence approaches an
> abdication of the court's 'duty to scrutinize the record as a whole to
> determine whether the conclusions reached are rational'

Schaudeck v. Comm'r of Social Sec. Admin., 181 F.3d 429, 435 (3d Cir. 1999) (citing Benton v.

Bowen, 820 F.2d 85, 88 (3d Cir. 1987).  A reviewing court "cannot tell if significant probative

evidence was not credited or simply ignored" if the ALJ does not explain the reasons for

rejecting relevant evidence.  Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981).  Therefore,

unless the ALJ has explained the weight given to relevant evidence, including evidence which

the ALJ rejected, meaningful judicial review is not possible.

Accordingly, in order to determine if the Plaintiff is disabled, the Commissioner is

required to analyze all relevant evidence in the record and "must adequately explain in the record

---

[7] The ALJ followed the five-step process set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v) noted above.  The ALJ determined that (1) Plaintiff has not engaged in any substantial gainful activity since the application date, (2) Plaintiff had severe impairments, (3) notwithstanding the finding of severe impairments, Plaintiff's impairments did not equal one of the listed impairments in 20 C.F.R. 404, (4) Plaintiff has the residual functional capacity to perform medium work, and (5) although Plaintiff was unable to perform any past relevant work, considering Plaintiff's age, education, work experience and residual functional capacity, jobs existed in significant numbers that he can perform. Thus, according to the ALJ's findings, Plaintiff was not disabled.  (R. 33-40.)

his reasons for rejecting or discounting competent evidence." Sykes v. Apfel, 228 F.3d 259, 266

(3d Cir. 2000). Relevant evidence may include medical opinions, which have been defined as

> . . . statements from physicians and psychologists or other acceptable
> medical sources that reflect judgments about the nature and severity of
> your impairment(s), including your symptoms, diagnosis and prognosis,
> what you can still do despite impairment(s), and your physical or mental
> restrictions.

20 C.F.R. § 404.1527(a)(2). Treating physician reports shall be given great weight. Morales v.

Apfel, 225 F.3d 310, 317 (3d Cir. 2000).

**B. <u>Argument</u>**

Plaintiff filed this appeal to dispute the ALJ's decision that there is no objective evidence

of a condition causing Plaintiff's pain. In addition to evidence in the administrative record, the

ALJ relied on testimony of the VE that a number of jobs met the requirements that the ALJ

identified for the type of work Plaintiff is able to perform. (R. 38-40, 593-95.) However,

Plaintiff points to the following evidence which was not discussed by the ALJ: (1) a positive

EMG indicating a lumbar radiculopathy in August 2000, and (2) a discography performed in

October 2006 indicating a Grade III annular tear at L5-S1, a subsequent disc decompression, and

a statement that there was nerve root compression at L5-S1. Defendant does not dispute that the

ALJ failed to discuss this evidence. Rather, Defendant claims that the issues presented in the

August 2000 lumbar radiculopathy had abated.

The Magistrate's Report and Recommendation found that there was relevant medical

records in the administrative record which were not mentioned, or discussed, in the decision of

the ALJ. The Magistrate held that the ALJ failed to give "some indication of the evidence which

he or she rejected and the reasons for discounting all of the pertinent evidence." (Doc. No. 13 at

17.)  The Magistrate found that the ALJ erred in her decision when she "fail[ed] to demonstrate consideration of all relevant evidence, namely Dr. Ahsan's operation room reports and examination reports."  (Doc. No. 13 at 16.)  The Magistrate recommended remanding Plaintiff's case to the ALJ so that she could consider and explain the relevant evidence which she failed to discuss in her decision.

In his objections, Defendant urges this Court to decline to adopt the Magistrate Judge's Report and Recommendation, and to affirm the ALJ's decision in its entirety.   Defendant asserts that the ALJ "reviewed the evidence, credited essentially all of the doctors' reports, and concluded based on the record evidence that Plaintiff's 'extreme testimony appears to be an exaggeration of subjective complaints of pain.'" (Doc. No. 14 at 12.)  Defendant argues that the ALJ's decision is supported by substantial evidence, and her reasoning was "fully adequate to facilitate judicial review." Defendant then makes four specific objections to the Report and Recommendation: (1) that while the Report and Recommendation faults the ALJ for failing to consider or explain certain evidence, in fact the ALJ did properly consider this relevant medical evidence; (2) that the ALJ should not be required to delve into the details of raw medical testing; (3) that the Report and Recommendation over-reads Third Circuit law concerning the amount of detail the ALJ is required to discuss; and (4) that the Report and Recommendation errs by treating physician notes as medical opinion.  The four objections essentially assert that the ALJ properly considered all of the evidence that she was required to consider, and that the Report and Recommendation erroneously requires the ALJ to consider excessive and improper evidence.

The Court has reviewed Defendant's objections and for the following reasons, the Court will adopt the Magistrate's Report and Recommendation and remand the case to the ALJ for

further proceedings.

      **1.**     **The reviewing court is not able to provide meaningful review of the decision without an explanation of the weight given to all relevant evidence and the reasons for rejecting relevant evidence.**

On July 12, 2006, Plaintiff consulted with Dr. Syed Nadeem Ahsan at the Einstein Pain Institute. (R. 330-31.) On June 28, 2006, Plaintiff reported to Dr. Ahsan that he had no relief from a tranforaminal steroid injection he had received. (Id.) He also complained of continued pain in his legs, persistent low back pain, and weakness in his legs with the left side affected worse than the right. He noted that he fell twice while walking. (Id.) In addition, he complained of numbness extending from his knees down to his toes on both legs. (Id.) Dr. Ahsan recommended that Plaintiff have an electromyogram ("EMG") of both lower extremities, a fluoroscopically-guided disc stimulation, and a provocation discography in an attempt to see if there is any evidence of intradiscal disruption that could potentially be treatable. (Id.) Plaintiff underwent the disc stimulation and provocation discography on August 22, 2006. (R. 434-35.) Thereafter, Dr. Ahsan diagnosed Plaintiff with a Grade III posterior radial fissure at L5-S1. (Id.)

Plaintiff underwent a fluoroscopy-guided percutaneous disc decompression and discectomy at L5-S1 on October 3, 2006. (R. 381-86.) Dr. Ahsan diagnosed Plaintiff with a symptomatic L5-S1 disc with disc degeneration and lumbar radicular pain. (Id.) On October 11, 2006, Plaintiff saw Dr. Ahsan for a post-procedure follow-up, again complaining of bilateral low back pain and pain radiating down to his left lower extremity. (R. 328-29.) Dr. Ahsan reiterated that the one symptomatic disc was the "L5-S1, which had also been found to have a Grade III posterior radial fissure." (Id.) Further, Dr. Ahsan stated that Plaintiff likely needed to undergo a neurosurgical evaluation to determine if he might be a candidate for surgical decompression of

the affected nerve roots in the lumbar spine, and recommended a rheumatology work-up to see if there may be a rheumatologic component to the symptoms. (Id.)

In her decision, the ALJ does not discuss these medical reports. In her review of the medical records, the ALJ mentions a radiology report dated August 22, 2006, reviewing a CT scan of the lumbar spine, providing an "unremarkable L3-L4, L4-L5, and L5-S1 discogram." (R. 33.) The ALJ also cites from Dr. Ahsan's July 12, 2006 report that "[g]iven the fact that [the claimant's] MRI of the lumbar spine was completed unremarkable, it remains unclear as to what it is that is causing the pain." (R. 37.) However, the ALJ does not discuss any of Dr. Ahsan's contrary findings, from the same and subsequent reports, in her decision. The Court recognizes, as Defendant points out in his objections (Doc. No. 14 at 9), there is no requirement that the ALJ discuss every tidbit of evidence in the record. However, evidence from a treating physician is given weight and should be considered in some detail by the ALJ. Morales v. Apfel, 225 F.3d 310 (3d Cir. 2000); 20 C.F.R. § 404.1527. These reports are significant because Dr. Ahsan was a treating physician for three months. Without any meaningful discussion of the conflicting reports in her decision, this Court cannot determine whether the ALJ properly weighed these medical opinions when rendering her decision.

Since the ALJ does not mention, or discuss, these conflicting reports in her decision, the ALJ may have determined that these reports were entitled to little or no weight. However, the Court will not, nor may it, presume to know why the ALJ rejected portions of relevant medical records which support Plaintiff's claim of pain and disability. Beckett v. Leavitt, 555 F. Supp. 2d 521, 529, (E.D. Pa. 2008) (referencing Woodcock v. Barnhart, 2003 WL 1949638, at *6 (E.D. Pa. Apr. 24, 2003) (determining that while the court is able to make presumptions as to why the

ALJ did not mention a conflicting report, judicial review is not meaningful when based on such presumptions.)).  The ALJ must set forth reasons for her decision by discussing the weight given to all relevant evidence, such as the assessment of the claimant's medical condition or physical ability by the treating physician, and the reasons for rejecting relevant evidence.  Burnett v. Comm'r of Social Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000) (citing Cotter, 642 F.2d 704-05).  While Defendant points out in his objection that the ALJ did acknowledge a portion of Dr. Ahsan's findings (Doc. No. 14 at 3), there is no meaningful discussion of why relevant evidence from a treating physician was discounted.

It is the function of the ALJ to assess credibility and to evaluate the evidence.  Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).  This Court may not "conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence on record."  Schwartz v. Halter, 134 F. Supp. 2d. 640, 647 (E.D. Pa. 2001) (citing Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998)).  However, when this Court cannot determine if relevant unmentioned evidence was dismissed as not credible or simply ignored during review, a remand is appropriate to afford the ALJ the opportunity to analyze all relevant evidence in the record, to further discuss the weight to be given to all relevant evidence, to explain why the ALJ rejected relevant evidence, and, if necessary, to receive any additional evidence offered by the parties.

## VI.  CONCLUSION

This case will be remanded to the ALJ so that she may further evaluate the evidence, in particular the reports identified herein, explain the weight which was given to all relevant evidence, and the reasons for rejecting any relevant evidence.  Burnett, 220 F.3d at 120-21.  The Court will adopt the Magistrate's Report and Recommendation and remand for further

proceedings.

An appropriate Order follows.